IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WENDELL W. FAIRMAN SR,

                Plaintiff,                                    ORDER

      v.                                                  09-cv-741-bbc

WSPF/Social Worker
MELANIE HARPER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a memorandum entered on December 29, 2009, I responded to plaintiff's question about amending his complaint by telling him that if he wanted to amend his complaint, he should file an amended complaint by January 19, 2010, that any amended complaint would "replace his original complaint" and that "[h]e should include in his new complaint any allegations from his first complaint that he wants to pursue." Dkt. #6, at 1. On January 4, 2010, plaintiff submitted a proposed amended complaint under 42 U.S.C. § 1983 and state law alleging that defendant Melanie Harper refuses to transfer plaintiff's supervision to Chicago in violation of Wis. Admin. Code § DOC 328.09(1) and the equal protection clause and in retaliation for plaintiff's filing complaints against other staff at the Wisconsin Secure

1

Program Facility.

Because plaintiff requests leave to proceed without prepayment of costs and has made an initial partial payment of the $350 filing fee, the next step is for the court to review that complaint to determine whether any claim was legally frivolous, malicious, failed to state a claim upon which relief may be granted or asked for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). Before I could perform that screening on the January 4 proposed amended complaint, plaintiff submitted a second proposed amended complaint with entirely new allegations against different defendants. In this complaint, he alleges that defendant Harper and WSPF, C.O.s Bark, Martin and Taylor and Captain Gardner have discriminated against him and retaliated against him. In particular, plaintiff alleges that since he filed a complaint alleging excessive force against another person, defendants (a) tampered with his food tray; (b) gave him an orange juice with chewing tobacco spit into it; (c) threw his breakfast bag on the floor; (d) took his peanut butter and jelly sandwich; (e) lied to him; (f) refused to give him his lunch tray' and (g) took two of his sausages and two of his butter portions from a tray.

At the present, it is not clear whether plaintiff intends to abandon his claims against defendant Harper for illegal transfer or simply wants to add new claims to that complaint. That will not do. Plaintiff must submit a *single* document in which he includes *all* the allegations related to the claims he wishes to pursue in this lawsuit. In addition, the

2

complaint cannot be a moving target. For the sake of the parties and the court, plaintiff must decide what claims he wants to pursue and stick with them; he cannot continue to file a new amended complaint every couple of weeks, or the case will go nowhere.

Even if it were appropriate to treat both amended complaints as a single complaint, I could not let plaintiff proceed on his claims at this time. In neither complaint does plaintiff describe why he thinks defendants treated him the way they did because he filed complaints against others or because of his race, and in most instances he fails to identify which particular defendant or defendants have taken the actions he complains about. As I explain below, under Fed. R. Civ. P. 8, plaintiff is required to allege facts that support his suspicions that each defendant is responsible for violating his rights and why he believes defendants' actions amount to discrimination and retaliation. Therefore, plaintiff's amended complaint will be dismissed for failure to comply with Rule 8. If plaintiff wishes, he may submit a third amended complaint in which he names every defendant he believes is responsible for the alleged violations of law and includes all the allegations he believes are necessary to explain why each defendant is responsible for violating his rights.

In doing so, plaintiff should consider the following rules, which explain how much factual information plaintiff must include in his complaint and how many claims can be combined in a single lawsuit. First, under Fed. R. Civ. P. 8, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this

3

requirement does not require a plaintiff to submit "detailed factual allegations" to support each element of a claim, plaintiff must do more than make conclusory statements. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Statements in a complaint that a particular defendant discriminated against plaintiff or retaliated against him or violated the law in some other way are *conclusions*, not facts. Id. Thus, instead of describing only what *rights* plaintiff believes a particular defendant violated, plaintiff must focus on what things each defendant *did* that make plaintiff believe that his rights were violated. To satisfy Rule 8, plaintiff must include enough detail about what each defendant did to make his claim for relief more than guesswork. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, plaintiff cannot expect the court to try to guess how plaintiff might be able to prove each element of each claim after he has an opportunity to fully investigate his claims against defendants. Riley v. Vilsack, ___F. Supp. 2d___, 2009 WL 3416255, *9 (W.D. Wis. Oct. 21, 2009).

If plaintiff decides to submit a third amended complaint, he should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do to violate plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

4

Next, Fed. R. Civ. P. 20 governs the number of parties a plaintiff may join in any one action. Multiple defendants may be sued together when the injuries each defendant allegedly caused plaintiff arise out of "the same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all defendants." George v. Smith, 507 F.3d 605 (7th Cir. 2007); 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). Generally, under Rule 20 a plaintiff may not bring a single lawsuit against different defendants for different incidents. After Rule 20 is satisfied, the plaintiff may add claims against one or more of the properly joined defendants, so long as the additional claims do not involve new defendants outside that group.

I will consider the merits of plaintiff's claims against defendant only after he files an amended complaint that complies with Rules 8 and 20. He may have until February 22, 2010 in which to file a third amended complaint that complies with these rules.

ORDER

IT IS ORDERED that

1. Plaintiff Wendell W. Fairman Sr.'s complaint, dkts. ##7-8, is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until February 22, 2010, in which to submit a proposed amended complaint that conforms to Rule 8. If, by February 22, 2010, plaintiff fails to

5

respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3. If, by February 22, 2010, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge